Brian J. Brazier (SBN: 245004)
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
brian@pricelawgroup.com

L. Tegan Rodkey (SBN: 275830)
PRICE LAW GROUP, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5587
tegan@pricelawgroup.com

*Attorneys for Plaintiff,*
*Alejandro Odeh-Lara*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO ODEH-LARA,<br>    Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK,<br>    Defendant. | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br>2. RFDCPA, Cal. Civ. Code § 1788<br>3. Invasion of Privacy - Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Alejandro Odeh-Lara ("Plaintiff") through his attorneys, alleges the following against Defendant Synchrony Bank ("Defendant").

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly

regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

**JURISDICTION AND VENUE**

4. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transacts business in the state of California; thus personal jurisdiction is established.

**PARTIES**

7. Plaintiff is a natural person residing in Redlands, San Bernardino County, California.

8. Synchrony Bank is a federal savings bank engaged in the business of giving loans and managing credit accounts with its principal place of business located at 170 West Election Road, Suite 125, Draper, Utah 84020, Defendant can be served with process through its designated agent C T Corporation System, 818 Seventh Street, Suite 930, Los Angeles, CA 90017.

9. The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

10. During the course of its attempts to collect debts, Defendant sends to debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

11. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. Upon Information and belief, Plaintiff has never had an account with Defendant.

13. Plaintiff did not provide Defendant with his cellular telephone number and therefore Defendant did not have consent to call Plaintiff.

COMPLAINT AND DEMAND FOR JURY TRIAL

- 3 -

14. Defendant attempted to collect on a consumer debt from Plaintiff, which Plaintiff did not owe.

15. In or around November 2018, Synchrony Bank began placing calls to Plaintiff's cellular phone number (815) 600-xxxx (a Chicago phone number), in an attempt to collect an alleged debt(s).

16. The calls originated from: (972) 512-3472 and (540) 840-1746.

17. Upon information and belief, those phone numbers are owned or operated by Defendant.

18. On or about November 1, 2018, in an attempt to collect an alleged debt, Defendant called Plaintiff at (815) 600-xxxx and asked to speak to an individual who's name Plaintiff did not recognize.

19. During the phone call, Plaintiff explained to Defendant that he was not the person with whom Defendant wanted to speak. Plaintiff further explained to Defendant that he did not have an account with Defendant, and he had never had such an account.

20. Despite never having given Defendant consent to contact him on his cell phone, Plaintiff unequivocally revoked consent to be called any further on his cellular phone.

21. After Plaintiff had revoked his consent to be called, Defendant began calling Plaintiff incessantly. Between November 1, 2018 and February 28, 2019, Defendant called Plaintiff approximately **450** times.

22. In one month, between December 31, 2018 and January 31, 2019, Defendant called Plaintiff approximately **75 times**.

23. Defendant called Plaintiff multiple times a day. For example, Defendant called Plaintiff **five times** on January 21, 23, 28, and 30, in 2019, and **twelve times** on December 31, 2018.

24. Defendant called Plaintiff as early as 6:41 a.m. (January 19, 2019).

25. At the beginning of each call there was a brief pause before Defendant's representative began speaking, indicating the use of an Automatic Telephone Dialing System ("ADTS").

26. The conduct was not only willful but was done with the intention causing Plaintiff such distress, so as to induce him to pay the debt, which he did not owe.

27. Further, the conduct was done with such frequency and intensity so as to harass Plaintiff.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, shame, worry, grief, anguish, humiliation, and physical and mental pain.

29. Further, Defendant's calls often occurred while Plaintiff was busy with his daily activities and disrupted his day. Particularly the calls made during the work day required Plaintiff to drop the work he was doing in order to check his cell phone.

30. The **approximately 450 phone calls** placed by Defendant to Plaintiff's cellular phone caused Plaintiff extreme emotional distress and aggravation.

**COUNT I**
**(Violations the TCPA, 47 U.S.C. § 227)**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

33. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

34. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

35. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

36. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
**Violation of the Rosenthal Fair Debt Collection Practices Act,
Cal. Civ. Code § 1788**

37. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

38. Defendant violated the RFDCPA. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of 15 U.S.C. §§ 1692b-1692j.

   a. Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to

COMPLAINT AND DEMAND FOR JURY TRIAL
- 7 -

harass, oppress or abuse any person in connection with the collection of the alleged debt; and

b. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

39. Defendant Synchrony Bank's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt, which he did not owe.

40. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### Defendant's Invasion of Privacy of Plaintiff
### (Intrusion upon Seclusion)

41. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

42. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

43. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt, which Plaintiff did not owe, despite Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

- 8 -

having never given consent to be contacted on his cellular phone and despite Plaintiff having unequivocally revoked consent to be called.

b. The number and frequency of the telephone calls to Plaintiff by Defendant constitute an intrusion on Plaintiff's privacy and solitude.

c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt, which he did not owe.

44. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alejandro Odeh-Lara respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Declaratory judgment that Defendant violated the RFDCPA;

C. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

D. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

E. Actual damages pursuant to RFDCPA, Cal. Civ. Code §1788.30(b);

F.  Punitive damages for intrusion upon Plaintiff's seclusion or under Cal. Civ. Code §3294;

G.  Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

H.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I.  Any other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 1, 2019　　　　　　　　　**PRICE LAW GROUP, APC**

*/s/ Brian J. Brazier*
Brian J. Brazier (SBN: 245004)
brian@pricelawgroup.com
L. Tegan Rodkey (SBN: 275830)
tegan@pricelawgroup.com

*Attorneys for Plaintiff,*
*Alejandro Odeh-Lara*

COMPLAINT AND DEMAND FOR JURY TRIAL