1

Brian J. Brazier (SBN: 245004)
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
brian@pricelawgroup.com

2

3

4

5

L. Tegan Rodkey (SBN: 275830)
PRICE LAW GROUP, APC
6345 Balboa Blvd., Suite 247
Encino, CA  91316
T: (818) 600-5587
tegan@pricelawgroup.com
*Attorneys for Plaintiff*
*Alejandro Odeh-Lara*

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

12

13

ALEJANDRO ODEH-LARA,

**Case No. 2:19-cv-02446-KS**

14

                Plaintiff,

15

v.

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

16

SYNCHRONY BANK,

17

                Defendant.

1.  TCPA, 47 U.S.C. § 227
2.  RFDCPA, CAL. CIV. CODE § 1788
3.  Invasion of Privacy - Intrusion Upon Seclusion

18

19

20

21

## COMPLAINT AND DEMAND FOR JURY TRIAL

22

        Plaintiff Alejandro Odeh-Lara ("Plaintiff") through his attorneys, alleges the

23

following against Defendant Synchrony Bank ("Defendant").

24

### INTRODUCTION

25

26

        1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer

27

Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly

28

regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.      Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6.      Defendants transacts business in the state of California; thus personal jurisdiction is established.

PLAINTIFF'S FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

- 2 -

**PARTIES**

7.      Plaintiff is a natural person residing in Redlands, San Bernardino County, California.

8.      Synchrony Bank is a federal savings bank engaged in the business of giving loans and managing credit accounts with its principal place of business located at 170 West Election Road, Suite 125, Draper, Utah 84020, Defendant can be served with process through its designated agent C T Corporation System, 818 Seventh Street, Suite 930, Los Angeles, CA  90017.

9.      The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

10.     During the course of its attempts to collect debts, Defendant sends to debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

11.     Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     Upon Information and belief, Plaintiff has never had an account with Defendant.

13.     Plaintiff did not provide Defendant with his cellular telephone number and therefore Defendant did not have consent to call Plaintiff.

14.     Defendant attempted to collect on a consumer debt from Plaintiff, which Plaintiff did not owe.

15.     In or around November 2018, Synchrony Bank began placing calls to Plaintiff's cellular phone number (815) 600-xxxx (a Chicago phone number), in an attempt to collect an alleged debt(s).

16.     The calls originated from: (972) 512-3472 and (540) 840-1746.

17.     Upon information and belief, those phone numbers are owned or operated by Defendant.

18.     On or about November 1, 2018, in an attempt to collect an alleged debt, Defendant called Plaintiff at (815) 600-xxxx and asked to speak to an individual who's name Plaintiff did not recognize.

19.     During the phone call, Plaintiff explained to Defendant that he was not the person with whom Defendant wanted to speak. Plaintiff further explained to Defendant that he did not have an account with Defendant, and he had never had such an account.

PLAINTIFF'S FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

- 4 -

20.     Despite never having given Defendant consent to contact him on his cell phone, Plaintiff unequivocally revoked consent to be called any further on his cellular phone.

21.     After Plaintiff had revoked his consent to be called, Defendant began calling Plaintiff incessantly. Between November 1, 2018 and February 28, 2019, Defendant called Plaintiff approximately **450** times.

22.     In one month, between December 31, 2018 and January 31, 2019, Defendant called Plaintiff approximately **75 times**.

23.     Defendant called Plaintiff multiple times a day. For example, Defendant called Plaintiff **five times** on January 21, 23, 28, and 30, in 2019, and **twelve times** on December 31, 2018.

24.     Defendant called Plaintiff as early as 6:41 a.m. (January 19, 2019).

25.     On April 1, 2019, Plaintiff filed his complaint against Defendant.

26.     Defendant was served with Plaintiff's complaint on April 4, 2019, but has continued to place calls to Plaintiff, prompting Plaintiff's filing of his First Amended Complaint.

27.     On April 12, 2019, Plaintiff's severe emotional distress, coupled with desperation, caused him to file a complaint with the Consumer Financial Protection Bureau ("CFPB").

28.     Defendant responded to Plaintiff's dispute on April 22, 2019.

PLAINTIFF'S FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

- 5 -

29.     Defendant's response assured Plaintiff that his phone number had been removed from Defendant's records and database. Defendant further assured Plaintiff that a review of the call attempts made to Plaintiff did not show any calls being made outside of the hours of 8:00 a.m. and 9:00 p.m. and that Defendant had no record of any request to remove Plaintiff's phone number from its records.

30.     The filing of Plaintiff's complaint, Plaintiff's dispute with the CFPB, and the fact that Defendant has made a formal appearance in the case has not stopped Defendant from harassing Plaintiff with its phone calls.

31.     Plaintiff has received calls as recently as <u>May 7, 2019 at 5:49 a.m.</u>

32.     At the beginning of each call there was a brief pause before Defendant's representative began speaking, indicating the use of an Automatic Telephone Dialing System ("ADTS").

33.     The conduct was not only willful but was done with the intention causing Plaintiff such distress, so as to induce him to pay the debt, which he did not owe.

34.     Further, the conduct was done with such frequency and intensity so as to harass Plaintiff.

35.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, shame, worry, grief, anguish, humiliation, and physical and mental pain.

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

36.     Further, Defendant's calls often occurred while Plaintiff was busy with his daily activities and disrupted his day. Particularly the calls made during the work day required Plaintiff to drop the work he was doing in order to check his cell phone.

37.     Defendant's calls have severely impacted and put strain on Plaintiff's relationship with his family. To give one example, Plaintiff's son has said that, due to the disruption of the incessant phone calls to Plaintiff's cell phone, he does not want to hang out with his father on the weekends as they usually do.

38.     The **approximately 500 phone calls** placed by Defendant to Plaintiff's cellular phone caused Plaintiff extreme emotional distress and aggravation.

## COUNT I
### (Violations the TCPA, 47 U.S.C. § 227)

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

a.  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any

telephone number assigned to a . . . cellular telephone service . . . or any

service for which the called party is charged for the call.

b.  Within four years prior to the filing of this action, on multiple occasions

Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's

cellular telephone using an artificial prerecorded voice or an automatic

telephone dialing system and as such, Defendant knowingly and/or willfully

violated the TCPA.

41. Defendant's calls constitute calls that are not for emergency purposes as defined by

47 U.S.C. § 227(b)(1)(A).

42. Defendant's calls are placed to a telephone number assigned to a cellular telephone

service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §

227(b)(1).

43. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the

burden is on the Defendant to demonstrate that the Plaintiff provided express consent within

the meaning of the statute because it is the best entity to determine how numbers were

attained.

44. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs is entitled to an

award of five hundred dollars ($500.00) in statutory damages, for each and every violation,

pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or

willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred

dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
**Violation of the Rosenthal Fair Debt Collection Practices Act,**
**Cal. Civ. Code § 1788**

45. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

46. Defendant violated the RFDCPA. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of 15 U.S.C. §§ 1692b-1692j.

    a. Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    b. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

47. Defendant Synchrony Bank's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt, which he did not owe.

48. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
**Defendant's Invasion of Privacy of Plaintiff**

PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

- 9 -

**(Intrusion upon Seclusion)**

49. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

50. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

51. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt, which Plaintiff did not owe, despite Plaintiff having never given consent to be contacted on his cellular phone and despite Plaintiff having unequivocally revoked consent to be called.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt, which he did not owe.

PLAINTIFF'S FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

52. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alejandro Odeh-Lara respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Declaratory judgment that Defendant violated the RFDCPA;

C. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

D. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

E. Actual damages pursuant to RFDCPA, Cal. Civ. Code §1788.30(b);

F. Punitive damages for intrusion upon Plaintiff's seclusion or under Cal. Civ. Code §3294;

G. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

H. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Any other relief that this Court deems appropriate.

PLAINTIFF'S FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

1

## DEMAND FOR JURY TRIAL

2

Please take notice that Plaintiff demands a trial by jury in this action.

3

4

RESPECTFULLY SUBMITTED,

5

Dated: May 7, 2019                        **PRICE LAW GROUP, APC**

6

7

*/s/ Brian J. Brazier*

8

Brian J. Brazier (SBN: 245004)
PRICE LAW GROUP, APC

9

8245 N. 85th Way

10

Scottsdale, AZ 85258
T: (818) 600-5564

11

brian@pricelawgroup.com

12

L. Tegan Rodkey (SBN: 275830)

13

PRICE LAW GROUP, APC
6345 Balboa Blvd., Suite 247

14

Encino, CA  91316
T: (818) 600-5587

15

tegan@pricelawgroup.com

16

*Attorneys for Plaintiff*
*Alejandro Odeh-Lara*

17

18

19

20

21

22

23

24

25

26

27

28